IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDWARD CONAWAY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PJM-21-1890 |
| DIRECTOR GAIL WATTS, DR. BONDS, NURSE ANNIE, and PRIME CARE MEDICAL, | * * * | |
| Defendants. | | |

\*\*\*

## MEMORANDUM OPINION

Plaintiff Edward Conaway, who is presently incarcerated at the Maryland Correctional Training Center, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that on July 17, 2020, while confined in the Baltimore County Jail, Nurse Annie gave him another inmate's oxycodone. ECF No. 1 at 2, 4. Plaintiff had not been prescribed oxycodone by a Prime Care doctor and became sick to his stomach for four days. Id. at 2. Plaintiff alleges medical neglect and seeks damages from Prime Care in the amount of $500 million. *Id.* at 2-3. Plaintiff has filed a motion for leave to proceed in forma pauperis (ECF No. 2), which will be granted based on the information provided. For the reasons discussed below, the complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim.

This Court is required to conduct an initial screening of this complaint and dismiss any claims that are (i) frivolous or malicious; (ii) fail to state a claim upon which relief may be granted; or (iii) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez,* 140 S.Ct. 1721 (2020).

If a litigant has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1) as frivolous, malicious, or for failure to state a claim while he is incarcerated, his right to file a complaint in federal court without first paying the filing fee ($402) will be greatly curtailed. *See* 28 U.S.C. § 1915(g).

For reasons discussed below, the Court concludes the complaint raises no cognizable federal claims against defendants. Because requiring plaintiff to amend the complaint would only delay resolution of this case, this case will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1).

## I. DISCUSSION

### A. Claims Against Director Watts, Dr. Bond and Prime Care

To state a claim under Section 1983, a plaintiff must allege that: 1) a right secured by the Constitution or laws of the United States was violated and 2) the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff alleges Defendants committed medical neglect, a cause of action based on state law. He alleges no constitutional claims or abridgement of federal law.

Section 1983 also requires a showing of personal fault based on a defendant's personal conduct. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (stating that for an individual defendant to be liable under 42 U.S.C. § 1983, the plaintiff must affirmatively show that the official acted personally to deprive the plaintiff of his rights). There is no respondeat superior liability under § 1983.[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant,

---

[1] Respondeat superior is a legal doctrine that provides an employer is liable in certain cases for the wrongful acts of his employee, and a principal for those of his agent. *See* Black's Law Dictionary (8th ed. 2004).

through the official's own individual actions, has violated the Constitution."); *see also Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017); *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004).

Nor does Plaintiff allege facts to state a supervisory liability claim. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (requiring a supervisory liability claim in a § 1983 action allege: (1) the supervisor had knowledge a subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to...the plaintiff; (2) the supervisor had a response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged practices; and (3) there was an affirmative causal link between the supervisor's inaction and plaintiff's constitutional). There is no pattern of widespread abuse alleged to establish supervisory action or inaction giving rise to § 1983 liability. *See Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983) (stating that "[g]enerally, a failure to supervise gives rise to § 1983 liability ... only in those situations in which there is a history of widespread abuse"). For all these reasons, Watts and Bond will be dismissed for failure to state a claim.

Prime Care, a private corporation and contractual medical provider, *see Weddington v. PrimeCare Medical Inc.*, Civil Action No. TDC-19-2175 2021 WL 130465 at *5 (Jan. 14, 2021), is liable under § 1983 "only when "an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999) (citations omitted). A private corporation is not liable under § 1983 for actions allegedly committed by its employees when such liability is predicated solely upon a theory of respondeat superior. *Id.* Thus, Plaintiff's claims against Prime Care also fail and shall be dismissed.

**B. Claims Against Nurse Annie**

In order to state a constitutional claim against Nurse Annie, Plaintiff would have to allege that she acted with deliberate indifference to his serious medical need. *Estelle v. Gamble*, 429 U.S.

3

97, 106, (1976) (establishing deliberate indifference as the standard for Eighth Amendment inadequate medical care claims). To the extent Plaintiff may have been a pretrial detainee at the relevant time, his deliberate indifference claims are properly brought under the Fourteenth Amendment rather than the Eighth Amendment. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239 (1983). The Fourth Circuit has held that for due process claims by pretrial detainees of inadequate medical treatment, the Eighth Amendment deliberate indifference standard applies. *See, e.g., Hill v. Nicodemus*, 979 F.2d 987, 991-92 (4th Cir. 1992) ("[P]rison officials violate [a] detainee's rights to due process when they are deliberately indifferent to serious medical needs."); *see also Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir. 2001) ("[D]eliberate indifference to the serious medical needs of a pretrial detainee violates the due process clause."). Allegations that might be sufficient to support negligence and medical malpractice[2] claims do not, without more, rise to the level of a cognizable § 1983 claim. *Estelle*, 429 U.S. at 106; *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it.").

Plaintiff does not assert Nurse Annie acted with deliberate indifference. Further, he alleges no facts to suggest that Nurse Annie was aware her action posed excessive risk of harm to Plaintiff and acted with deliberate disregard to that risk to state a constitutional claim for inadequate medical care. Accordingly, the complaint fails to state a cognizable federal claim against Nurse Annie.

---

[2] Under Maryland law, a medical malpractice claim, may be asserted only if the plaintiff has first exhausted administrative remedies by presenting the claim to the Maryland Health Care Alternative Dispute Resolution Office. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 3-2A-10 (West 2020); *Wilcox v. Orellano*, 115 A.3d 621, 625 (Md. 2015); *Rowland v. Patterson*, 882 F.2d 97, 99 (4th Cir. 1989) (holding that this requirement applies to medical malpractice claims filed in state or federal court). Because there is no basis to conclude that Plaintiff has satisfied this requirement, were he to raise any medical malpractice claims here, they would be dismissed without prejudice.

## II. CONCLUSION

For the reasons set forth above, the court will dismiss this case pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim and this dismissal constitutes a "strike" under 28 U.S.C. § 1915(g). To the extent Plaintiff may state claims based on state law, they will be dismissed without prejudice. A separate order follows.

8/19/21
Date

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE